**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0653n.06

**No. 09-1369**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Oct 18, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| TROY LEON LAFERRIERE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: KENNEDY, ROGERS, and KETHLEDGE, Circuit Judges.

PER CURIAM.[1] Troy Leon Laferriere pled guilty to being a felon in possession of a firearm. The district court determined that Laferriere was an armed career criminal and, consistent with a binding plea agreement, sentenced Laferriere to the mandatory minimum sentence of fifteen years' imprisonment. Laferriere now appeals, arguing that the district court should not have concluded that a juvenile conviction for armed assault with intent to rob was a predicate offense under the Armed Career Criminal Act ("ACCA") because insufficient evidence supported the finding that Laferriere was convicted of that offense. The record supports the district court's conclusion that Laferriere was convicted of armed assault with intent to rob. However, because the evidence fails to establish that this conviction was for a crime that involved an actual firearm—a particular requirement for juvenile

---

[1] This opinion is styled per curiam because it was prepared in the chambers of more than one judge.

delinquency predicate offenses under the ACCA—the prior conclusion cannot be used to enhance Laferriere's sentence.

On August 1, 2007, a witness called the Lansing, Michigan, Police Department to report an intoxicated man with a gun. The witness identified the man as the defendant, Troy Leon Laferriere. When police officers located Laferriere, he was near the front of his residence; Laferriere fled the officers, and they apprehended him in his backyard. When he was captured, Laferriere was standing near a table where there were two bags of marijuana in plain view, sitting adjacent to Laferriere's keys. Police officers obtained a search warrant for the house where Laferriere was staying, and they discovered a shotgun in the area of the house that Laferriere inhabited. Because Laferriere had previously been convicted of a felony, a federal grand jury indicted him for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Laferriere initially agreed to plead guilty to the offense. After the Presentence Investigation Report (PSR) recommended that Laferriere be designated an armed career criminal, however, he moved to withdraw his plea. The district court granted the motion, noting that as an armed career criminal, Laferriere was facing a minimum sentence (fifteen years), which was greater than the maximum sentence (ten years) provided for by the plea agreement. After further negotiations—and on the eve of trial—the parties submitted a binding plea agreement to the court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The agreement called for a sentence of 180 months, the mandatory minimum sentence for an armed career criminal. *See* 18 U.S.C. § 924(e)(1). After a hearing, the district court accepted the proposed plea agreement, agreeing that if the court determined

that Laferriere was an armed career criminal, the court would sentence him to 180 months' imprisonment.

Before the district court, Laferriere argued that there was insufficient evidence to establish that he had three previous convictions for violent felonies, and thus he argued that he was not an armed career criminal. In particular, Laferriere challenged his alleged juvenile conviction for "Assault with Intent to Rob-Armed" in violation of Michigan Compiled Laws § 750.89. The alleged conviction is evidenced by an "Order of Disposition" issued by the Juvenile Division of the Ingham County Probate Court in April, 1991. Because the document is difficult to describe and interpretation of this document is central to this case, a copy of the order is attached to this opinion as an appendix. At Laferriere's sentencing hearing, the district court rejected Laferriere's argument that the order of disposition is ambiguous:

> I disagree with counsel's reading of the Government's Exhibit No. 1. I don't think it's ambiguous at all. I think it's clear that on the date designated that the defendant pled guilty to assault with intent to rob while armed, contrary MCL 750.89, and was remanded to the custody of the Ingham County Youth Center in Lansing pursuant to that plea. It's clear also that the charge of possession of firearm in commission of a felony was not sustained, while it's not crystal clear from the record, an understanding of how the state courts work would indicate that that count was probably dismissed pursuant to a plea agreement with the defendant. Likewise, apparently there was another petition pending, which is designated as Number 4, which is noted in Paragraph 10, and which a separate charge of breaking and entering an occupied dwelling contrary MCL 750.110 was also dismissed. So the Court finds no ambiguity in Exhibit 1, assault with intent to rob while armed is the offense to which the defendant offered a plea. And the Court finds that that is a predicate felony for purposes of armed career criminal.

The court then imposed a 180-month sentence in accordance with the plea agreement.

Laferriere now appeals, arguing (1) that the order of disposition is ambiguous and (2) that a judicial determination that Laferriere had been convicted of armed assault with intent to rob violates the rule set out by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

While Laferriere's case must be remanded for reasons explained below, neither of the two main arguments presented on appeal has merit. First, the district court's determination that the order of disposition indicates that Laferriere was convicted of armed assault with intent to rob is not clearly erroneous. *See United States v. Crowell*, 493 F.3d 744, 748 (6th Cir. 2007) (standard of review). The order of disposition states, in the chart in paragraph five, that Laferriere admitted that he was guilty of count I of the petition dated January 4, 1991: armed assault with intent to rob, in violation of Michigan Compiled Laws § 750.89. Because Laferriere cannot point to any aspect of the order of disposition that undermines the straightforward conclusion that Laferriere was convicted of armed assault with intent to rob, the district court did not commit clear error on this matter.

Laferriere argues that the district court's conclusion was erroneous based on two purported ambiguities in the document. The first is the fact that in the first line of paragraph five, both the box indicating that the allegations in the petition are sustained and the box indicating that the allegations in the petition are not sustained are filled in. But both boxes were filled in because the juvenile court adjudicated two counts: one count was sustained (armed assault with intent to rob) and the other count was not sustained (possession of a firearm in the commission of a felony). This interpretation is confirmed by the fact that the order contains a space for "all allegations which are not sustained," and this space lists only the possession of a firearm in the commission of a felony count.

Laferriere also questions the meaning of some numbers (#4, #5) that appear twice in paragraph five and once just above paragraph ten of the order. The most natural reading of the document as a whole is that there were two petitions: petition four, which charged breaking and entering of an occupied dwelling house; and petition five, count one of which was armed assault with intent to rob, and count two of which was possession of a firearm in the commission of a felony.[2] This reading explains why one of the not sustained charges was indicated in paragraph ten, which lists petitions that are dismissed; and the other not sustained charge was indicated in the last section of paragraph five, which lists allegations that are not sustained. The order referred to the breaking and entering charge in paragraph ten because the entire petition containing that charge was dismissed. The order referred to the possession of a firearm in the commission of a felony charge in the last section of paragraph five because it was in the same petition as the armed assault with intent to rob count, and that petition was not dismissed in its entirety.

Second, the use of the juvenile conviction as a predicate offense for the finding that Laferriere was an armed career criminal did not violate *Apprendi*. The *Apprendi* rule explicitly excepts prior convictions: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

---

[2]This reading is confirmed by a document attached to the copy of Laferriere's PSR that was provided to the district court. That document was a petition charging Laferriere with two criminal counts: Count I, "ASSAULT W/I TO ROB ARMED" and Count II, "POSSESSION OF A FIREARM IN THE COMMISSION OF A FELONY." This petition was labeled "PETITION (#5)" in a section of the document labeled, "For court use only." We do not rely on the petition because the district court did not expressly rely upon it and because the order of disposition is unambiguous without reference to the petition.

proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). In *Crowell*, this court held that "the use of procedurally sound juvenile adjudications as [ACCA] predicates does not violate due process." 493 F.3d at 750. Laferriere also argues that the Government has the burden of affirmatively showing that the procedural guarantees provided by Michigan law were actually afforded to Laferriere in his particular case. But this argument misreads *Crowell*, and a requirement that the Government demonstrate that a defendant received due process during a prior adjudication would be inconsistent with *Custis v. United States*, 511 U.S. 485 (1994). *Crowell upheld* the ACCA predicate where there was no indication the defendant had *not* received due process protections, and state law clearly provided for such protections. *See* 493 F.3d at 750-51. This is the situation in the present case. In *Custis*, the Supreme Court held that the ACCA "does not permit [a defendant] to use the federal sentencing forum to gain review of his state convictions." 511 U.S. at 497; *see also United States v. Rogers*, 45 F.3d 1141, 1143 (7th Cir. 1995) (applying *Custis* to a juvenile conviction). The only exception to this rule is for claims that the defendant was denied counsel entirely, *see Custis*, 511 U.S. at 496, and Laferriere has produced no evidence that he was denied his right to counsel. Indeed, the only evidence available indicates the opposite: the order of disposition states that Laferriere "had . . . an attorney."

While Laferriere's primary arguments on appeal lack merit, he is nonetheless entitled to resentencing because of a particular requirement of the ACCA. Laferriere's conviction of armed assault with intent to rob cannot be counted as a sentence-enhancing predicate offense under the ACCA because the evidence fails to establish that the conviction was for a crime that actually

involved the use or carrying of a firearm, knife, or destructive device, as required for an act of juvenile delinquency. Before the ACCA's enhanced prison sentences may be administered, the government has the burden to show that the defendant had three prior convictions for "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, *or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device* that would be punishable by imprisonment for such term if committed by an adult, that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Laferriere's conviction of armed assault with intent to rob was, importantly for this case, an act of juvenile delinquency. Thus, the government must also show that Laferriere used or carried a "firearm, knife, or destructive device" when he committed his armed assault for this conviction to count as a predicate offense and to enhance his sentence under the ACCA.

The government has not met its burden of proving that Laferriere was convicted of actually using or carrying a firearm, knife, or destructive device as part of his act of juvenile delinquency back in 1991. The mere fact of conviction of armed assault with intent to rob is not sufficient because it is possible to be found guilty of this crime under Michigan law without the involvement of an actual firearm, knife, or destructive device. A defendant may also be convicted under that law if he used "any article used or fashioned in a manner to lead a person so assaulted reasonably to

believe it to be a dangerous weapon." Mich. Comp. Laws § 750.89. A "toy gun or a finger or other object hidden in a bag or under a coat to simulate the appearance of a weapon" is enough for a conviction. *People v. Jolly*, 502 N.W.2d 177, 181 (Mich. 1993) (footnotes omitted); *see also People v. Syakovich*, 188 N.W.2d 642, 643 (Mich. Ct. App. 1971). "Firearm" is defined too narrowly for purposes of the ACCA to include a child's toy or finger. *See* 18 U.S.C. § 921(a)(3); *cf. United States v. Forrest*, 402 F.3d 678, 686-87 (6th Cir. 2005). There is no indication on the order of disposition that Laferriere conceded possessing an actual firearm in 1991.[3] Indeed, all the order of disposition says about a firearm is that the charge of possessing a firearm was *not* sustained. And, given the age of the adjudication, the plea colloquy has been lost or destroyed. Without proof that a firearm (or knife or other destructive device) was involved, this conviction is meaningless for ACCA purposes. Laferriere's enhanced sentence therefore cannot be salvaged.

Although Laferriere failed to cite the particular statutory provision of the ACCA dealing with juvenile delinquency convictions, we may nonetheless reverse, in the interest of justice, where Laferriere's ACCA-enhanced sentence was plain error. "[T]his Court has discretion to correct plain errors affecting important rights of criminal defendants, even when not raised on appeal." *United States v. Graham*, 275 F.3d 490, 521-22 (6th Cir. 2001) (vacating sentence in light of *Apprendi* issue that was not raised before the court). Plain error is (1) error, (2) that was obvious or clear, (3) that

---

[3] Although the 1991 petition charging Laferriere with assault with intent to rob while armed mentions a "sawed-off shotgun," the language of the charge ("an article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, a sawed off shotgun") does not preclude the possibility of an article that merely looks like a shotgun.

affected the party's substantial rights, and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Laferriere's enhanced sentence was error because his armed-assault conviction could not count as an ACCA predicate offense without proof that he used or carried a "firearm, knife, or destructive device," the error was obvious or clear since 18 U.S.C. § 924(e)(2)(B) unambiguously requires such proof, and it affected Laferriere's substantial rights because he was erroneously sentenced to a longer prison term. *Id.* The court has discretion to decide whether the error affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Hamm*, 400 F.3d 336, 340 (6th Cir. 2005). It would affect the fairness and/or integrity of the judicial proceedings to compel Laferriere to serve an incorrectly enhanced sentence.

For these reasons, we reverse the judgment of the District Court and remand for resentencing.

Approved, SCAO                                                                                    OSM CODE:

| STATE OF MICHIGAN COUNTY OF INGHAM | ORDER OF DISPOSITION (DELINQUENCY PROCEEDINGS) | CASE NO. |
|---|---|---|
| PROBATE COURT - JUVENILE DIVISION |  | D-15038 |

ORI  330033J
MI-

CTN 33-90-007642-01
33-91-000079-01

SID

DOB 6-24-7

1. In the matter of
(name(s), alias(es))    **TROY LEON LAFERRIERE**, Juvenile

2. Date of hearing: __March 28, 1991__    PRESENT: RICHARD A. KERBAWY, Chief Referee

3. A petition has been filed in this matter and notice of hearing on the petition has been given as directed by the court.

4. The juvenile has appeared in court in person with parent(s), guardian, custodian, guardian ad litem, and ▪had ☐ wai an attorney.

THE COURT FINDS:    (#5)

5. The material allegations of the petition dated __January 4, 1991__ as listed below ▪ are ▪ are not sustai

| Count | ADJUDICATED BY Plea | Court | Jury | ALLEGATIONS | CHARGE CODE(S) MCL Citation/PACC Code |
|---|---|---|---|---|---|
| I | A |  |  | ASSAULT WITH INTENT TO ROB-ARMED | 750.89 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

*Plea: Insert "A" for admission; "NC" for no contest.

All allegations which are not sustained are listed below:

CT. II of Petition (#5): POSSESSION OF A FIREARM IN THE COM. OF A FELONY. (750.227B-A)

IT IS ORDERED:

☐ 6. _____ is warned and the petition is dismisse
Name (type or print)

▪ 7. The juvenile is placed in the temporary custody of this court and shall be placed with the Ingham County Youth Center, 700 E. Jolly Road, Lansing, Michigan  48910

▪ 8. Other: Include reimbursement as required by MCL 712A.18(2)

The Parents and/or Juvenile shall be liable to pay reimbursement for the full cost of care, services and/or attorney fees unless separate reimbursement arrangements are made with the Court Reimbursement Officer.

The Parents of the Juvenile are responsible for the medical, dental and clothing expenses of the Juvenile.

The Juvenile is placed on probation until further Order of the Court under the supervision of LARRY SLIDER, Assigned Juvenile Court Officer, who is to report to the Court the conduct of the Juvenile. The conditions of this probation are as follows:

**CONTINUED ON REVERSE**

FILED  APR 03 1991
Lisa A. Whitford
Deputy Register of Juvenile Division

(#4)

▪ 10. The petition is dismissed.* upon the Motion of the Prosecuting Attorney.
"B & E OCCUPIED DWELLING HOUSE" (750.110)

*Note:  Check item 6. only if all or some of the material allegations are sustained.
Check item 10. only if all of the material allegations are not sustained.

Upon disposition of a juvenile offense as defined under MCL 28.241a(f), the clerk of the court shall send a copy of this orde

Approved, SCAO

OSM CODE: PET

| STATE OF MICHIGAN COUNTY OF INGHAM | PETITION ☐ Supplement | CASE NO. |
|---|---|---|
| PROBATE COURT - JUVENILE DIVISION | | 91-00156  D-15038 |

| ORI MI- | Police agency report no. | CTNX ✓ 33-91-000079-01 | SID | DOB 6/24/74 |
|---|---|---|---|---|

1. In the matter of (name(s), alias(es))

TROY LEON LAFERRIERE
6732 Helman
Lansing, MI 48911

2. The above named minor(s) come(s) within the provisions of MCL 712A.2. Citations and allegations:

COUNT I

VIOLATION OF PROBATE CODE, Chapter 712A.2, Sec. 2(a)(1)-ASSAULT W/I TO ROI ARMED

On 1/3/91 at 1950 hrs., while at 6766 Helman, City of Lansing, County of Ingahm, State of Michigan, TROY LEON LAFERRIERE, a minor, dob 6/24/74, did assault Pansy Hines with intent to rob and steal while being armed with a dangerous weapon, or an article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, a sawed off shotgun; contrary to MCLA 750.89; MSA 28.284. [750.89

COUNT II

VIOLATION OF PROBATE CODE, Chapter 712A.2, Sec. 2(a)(1)-POSSESSION OF A FIREARM IN THE COMMISSION OF A FELONY

On 1/3/91 at 1950 hrs., while at 6766 Helman, City of Lansing, County

☐ See attached sheet for further allegations.    ☐ Member of or eligible for membership in American Indian Tribe or Band; state above.

3. The minor ☐ is ☐ is not · subject to the prior continuing jurisdiction of another court: _____
Court and county name

4. The above named minor(s) is(are) resident(s) of ___Ingham___ County, and reside(s)

the care and custody of ___parents___

5. The names and addresses of the parents, guardians, custodians, or nearest known relative are as follows:

| NAME | ADDRESS | HOME PHONE | WORK PHONE |
|---|---|---|---|
| Father          Putative ☐ Oral Laferriere | 6732 Helman, Lansing, MI 48911 | 699-2276 | |
| Mother Lula S. Laferriere | 6732 Helman, Lansing, MI 48911 | 699-2276 | |
| Guardian/Custodian/Nearest known relative | | | |

6. I request the court to:  ☐ a. review the information and make an appropriate decision.   OR
☐ b. authorize this petition and   ☐ take temporary custody of the minor(s).
☐ terminate the mother's parental rights.   ☐ terminate the father's parental rights.

I declare that the statements above are true to the best of my information, knowledge, and belief.

Petitioner's signature _____ 1-4-91
Date

Det. Owen Deatrick
Print or type name

Agency/Address: Lansing Police Department, 120 W. Mi
City, state, and zip: Lansing, MI 48933   Telephone: 483-4611

7. A preliminary inquiry and/or hearing has been conducted and the filing of this petition ☒ is ☐ is not authorized.

Date: 4 Jan., 1991

Judge/Referee _____

Approved by
James L. Rettich

Do not write below this line · For court use only
**PETITION (#5)**

Ct. I Admitted 3-2r-9r
MSA-7

of Ingham, State of Michigan, TROY LEON LAFERRIERE, a minor, dob 6/24/74,
did carry or possess a firearm during the commission or attempted commiss
of the felony crime of Assault w/i to Rob – Armed; contrary to MCLA
750.227(b); MSA 28.424(2). [750.227B-A]