**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0844n.06

No.  11-5528

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | | **FILED** |
| UNITED STATES OF AMERICA, | ) | **Aug 06, 2012** |
| | ) | LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| PARIS RAYON BALLEW, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  SILER and WHITE, Circuit Judges; REEVES, District Judge.[*]

PER CURIAM.  Paris Rayon Ballew appeals his convictions and sentence for firearm and drug offenses.  For the reasons set forth below, we affirm.

In the early morning hours of August 8, 2009, a woman called 911, screaming that a person had just pointed a gun in her face.  Officers with the Jackson Police Department responded to Chinaberry Cove, where the woman screamed, "he's got a gun"; said the man had run behind the house; and directed officers to a nearby vehicle where they recovered a firearm and a backpack containing marijuana, plastic sandwich bags, scales, and Ballew's driver's license.  A federal grand jury subsequently returned a superseding indictment charging Ballew with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (Count 1), possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 4), and possession of a firearm in furtherance

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 5). Ballew proceeded to trial, and the jury found him guilty on all three counts. The district court sentenced Ballew under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to concurrent terms of 180 months' incarceration on Counts 1 and 4 and a consecutive term of 60 months on Count 5, for a total sentence of 240 months of imprisonment.

This timely appeal followed. Ballew raises four issues: (1) whether the district court abused its discretion in admitting an out-of-court declarant's statement—"he's got a gun"—as an excited utterance; (2) whether the district court's admission of that statement violated his Sixth Amendment right of confrontation; (3) whether the district court erred by not instructing the jury to disregard hearsay introduced through Officer Robbie Weems; and (4) whether the district court erred in finding that his juvenile delinquency adjudications served as predicate violent felonies under the ACCA.

Ballew first challenges the district court's admission of Officer Weems's testimony that, when he arrived on the scene, he heard someone loudly scream, "he's got a gun." We review the district court's evidentiary ruling for abuse of discretion, reversing "only where the abuse of discretion has caused more than harmless error." *United States v. Fisher*, 648 F.3d 442, 449 (6th Cir. 2011) (citation and quotation marks omitted). The district court admitted Officer Weems's testimony under the "excited utterance" exception to the hearsay rule: "A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). The following three elements are necessary to qualify for this exception: "First, there must be an event startling enough to cause nervous excitement. Second, the statement must be made before there is time to contrive or misrepresent. And, third, the statement must be made while the person is under the stress of the excitement caused by the event." *United*

*States v. Arnold*, 486 F.3d 177, 184 (6th Cir. 2007) (quoting *Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050, 1057 (6th Cir. 1983)). "All three inquiries bear on the 'ultimate question': '[W]hether the statement was the result of reflective thought or whether it was a spontaneous reaction to the exciting event.'" *Id.* (quoting *Haggins*, 715 F.2d at 1058).

The record demonstrates all three elements. The government introduced a recording of the 911 call, which was admitted without objection. In the 911 call, a woman yelled in an agitated manner about someone putting a gun in her face. Approximately eighteen minutes after the woman first placed the call to 911, the officers arrived on the scene. Officer Weems approached an SUV with its lights flashing and heard a woman loudly scream, "he's got a gun." Officer Weems described the woman's demeanor as "excited," "screaming," and "very scared." When Officer Weems returned to speak to the woman after calling off the pursuit of the suspect, she was "cowering" in the floorboard of the vehicle, "scared to death." Shortly thereafter, the officers found a loaded firearm in a nearby vehicle. Based on the record, including the 911 call, the woman's demeanor, the discovery of a firearm nearby, and the short time frame, the district court did not abuse its discretion in concluding that the statement—"he's got a gun"—was an excited utterance. *See id.* at 184-86.

Ballew also contends that the district court's admission of this statement violated his rights under the Confrontation Clause of the Sixth Amendment. Because Ballew did not object on the basis of the Confrontation Clause at trial, we review for plain error. *United States v. Deitz*, 577 F.3d 672, 683 (6th Cir. 2009). Although there is considerable reason to doubt that the woman's statement was testimonial, *Michigan v. Bryant*, __U.S.__, 131 S. Ct. 1143, 1160 (2011) (explaining that statements made during an ongoing emergency are nontestimonial), any Confrontation Clause

violation was harmless. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986). Ballew has never

objected to the 911 call, which the jury heard and which contained essentially the same statements,

except they were more sustained and indicated the man had pointed the gun in the woman's face.

Next, Ballew argues that the district court erred in failing to instruct the jury to disregard

hearsay introduced through Officer Weems's testimony. Ballew objected to Officer Weems's

testimony that the woman "directed" him to a car, "pointing at a vehicle that was across the street."

The district court sustained the hearsay objection, but Ballew failed to request a curative instruction.

Accordingly, we review for plain error. *United States v. Copeland*, 51 F.3d 611, 615-16 (6th Cir.

1995). Any error by the district court in failing to give, sua sponte, a curative instruction did not

affect Ballew's substantial rights. *See United States v. Olano*, 507 U.S. 725, 734-35 (1993). Officer

Weems's testimony about the woman's nonverbal conduct merely explained why the officers looked

at another vehicle, where they found the firearm and the backpack, and had no impact on the trial's

outcome in light of the overwhelming evidence of Ballew's guilt, including two confessions that the

backpack and its contents were his.

Finally, according to Ballew, the district court erred in using his juvenile delinquency

adjudications as predicate offenses for armed career criminal purposes. We review de novo the

district court's determination that a conviction constitutes a violent felony under the ACCA. *United

States v. Eubanks*, 617 F.3d 364, 366 (6th Cir. 2010). The ACCA provides that a defendant

convicted of possession of a firearm by a felon who has three prior convictions for either violent

felonies or serious drug offenses is subject to a mandatory minimum sentence of fifteen years. 18

U.S.C. § 924(e)(1). To qualify as a predicate violent felony under the ACCA, a juvenile offense

must involve "the use or carrying of a firearm, knife, or destructive device." *Id.* § 924(e)(2)(B).

In addition to an adult conviction for attempted aggravated robbery, which he concedes constitutes a violent felony under the ACCA, Ballew was found delinquent in juvenile court on three counts of aggravated robbery and one count of attempted aggravated robbery. Under Tennessee law, aggravated robbery is a robbery: "(1) [a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or (2) [w]here the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-402(a). Because the statute proscribes both conduct that would constitute a violent felony under the ACCA and conduct that would not, we look "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005).

Acknowledging that the charging documents refer to "a small silver handgun," a "shiny black revolver," and a gun that was recovered, Ballew argues, in reliance on *United States v. Laferriere*, 399 F. App'x 65 (6th Cir. 2010), that application of the ACCA is improper because there is no proof that the guns referenced in the juvenile-deliquency petitions were real guns. The juvenile petition in *Laferriere*, however, merely tracked the language of the statute, and it was not clear whether the defendant committed an offense with a dangerous weapon (shotgun) or "with an article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon" (shotgun). Further, the possession of a firearm charge against Laferriere was not sustained.

For the foregoing reasons, we AFFIRM.